UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CR-20467-MARTINEZ

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**FRANK KOFI PREMPEH,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On or about June 23, 2009, court-appointed defense counsel Martin Feigenbaum ("Counsel") submitted a voucher application numbered FLS 09 3742 requesting $730.00 as final payment for investigative services provided by a private investigator, Mr. Luis E. Suarez, retained by Counsel in this case. Counsel and Mr. Suarez seek reimbursement pursuant to the Criminal Justice Act (the "CJA"). Mr. Suarez submitted a single time sheet in support of the voucher application and Counsel filed an Ex-Parte Motion For Approval of Investigator Fees In Excess of Cap **[DE # 71]** (the "Motion").

Counsel represented Defendant Frank Kofi Prempeh ("Defendant") in this case. Mr. Suarez provided investigative services for less than one (1) month, from July 9, 2009 until July 29, 2009. The $730.00 sought in the voucher application exceeds the CJA's $500.00 statutory maximum allowed for investigative services incurred without prior authorization from the Court. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 74]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the amount requested by Counsel and Mr. Suarez are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for

the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court, for time "reasonably expended out of court" and "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). The CJA at 18 U.S.C.A. § 3006A(e) provides as follows with respect to expenses incurred for investigative services:

> **(e) Services other than counsel.--**
>
> > **(1) Upon request.--**Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

> **(2) Without prior request.**
>
>> **(A)** Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $500 and expenses reasonably incurred.
>>
>> **(B)** The court, or the United States magistrate judge (if the services were rendered in a case disposed of entirely before the United States magistrate judge), may, in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $500.
>
> **(3) Maximum amounts.**--Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $1,600, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active or senior circuit judge.

The Guidelines at Section §3.02(B) offer the following guidance for courts with respect to investigative services that exceed $500.00 without prior authorization:

> **B. Without Prior Authorization.** Subsection (e)(2)(A) of the Act authorizes the obtaining of investigative, expert and other services, without prior authorization but subject to subsequent review, providing the cost of the services obtained does not exceed $500 plus expenses reasonably incurred (but see paragraph 6.03 A regarding obtaining investigative, expert, and other services in capital cases). This $500 limit may be waived however (see subsection (e)(2)(B) of the Act), if the presiding judge or United States magistrate judge (if the services were rendered in a case disposed of entirely before the United States magistrate judge) in the interest of justice, finds that timely procurement of necessary services could not await prior authorization.

## DISCUSSION

### Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. The CJA administrator made no changes to the number of hours requested or to the total amount sought in the voucher.

### The Undersigned's Review

I have reviewed all of the entries listed on the time sheet and the total time claimed for each of the task categories. In order for the Court to compensate Mr. Suarez in excess of $500.00, the Court must conclude "in the interest of justice . . . that timely procurement of necessary services could not await prior authorization." 18 U.S.C. § 3006A9e)(2)(B). Based upon my review of each entry on the time sheet, the Motion and the record in this case, I cannot discern why Counsel could not first seek prior authorization to exceed the $500.00 cap for Mr. Suarez's services. Neither Mr. Suarez's time sheets, nor Counsel's Motion provide any insight in this regard. And from my review of the voucher application, I can discern none.

Furthermore, although the majority of time spent by Mr. Suarez working on this case is appropriate, some entries are not eligible for reimbursement under the CJA. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court makes clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified."

Two of the telephone conferences listed in the voucher application are not sufficiently detailed to justify full compensation, however:

| | | |
|---|---|---|
| 7-23-09 | Phone conference with attorney. | 0.25 hours |
| 7-28-09 | Phone conference with attorney. | 0.25 hours |

I therefore recommend that Mr. Suarez should be compensated for only 0.1 hour for each of these two entries.

Mr. Suarez also seeks reimbursement for travel time. The Supplemental Instructions make clear, however, that "Round trip travel under one (1.0) hour is not compensable (per 11th Circuit rule)." Mr. Suarez seeks reimbursement for a total of 5.75 hours spent traveling to visit Defendant at the Federal Detention Center ("FDC") in downtown Miami, where Defendant was incarcerated.[1]

Mr. Suarez's office is in Coral Gables, Florida. Coral Gables, Florida is approximately seven (7) miles away from FDC. It is difficult to understand how Mr. Suarez would have spent more than one hour in round trip travel to visit Defendant at FDC. Neither Mr. Suarez's time sheet, nor Counsel's Motion provides any explanation in this regard. Accordingly, I recommend that Mr. Suarez's requests for compensation for travel time be denied.

Again, the applicable CJA maximum limits compensation for investigative services to $500.00 without prior authorization from the Court. As Mr. Suarez's services exceed this

---

[1] The two entries at issue read: 7-16-09 "Traveled to FDC to meet with client, memo to attorney." (3.50 hours) and 7-29-09 "Traveled to FDC to meet with client." (2.25 hours).

maximum compensation amount, I must conclude that, "in the interest of justice", the "timely procurement of necessary services could not await prior authorization." I do not find this to be such a case. Rather, I conclude that it was possible for Counsel to seek prior authorization from the Court before Mr. Suarez incurred any services in excess of $500.00.

## CONCLUSION

I commend both Mr. Feigenbaum and Mr. Suarez for their professionalism and their willingness to accept CJA appointments; the undersigned is appreciative of their efforts. Notwithstanding this appreciation, as I have often quoted in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). The Court has a duty to safeguard CJA funds and the statutory maximums established by Congress should be heeded.

In considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)).

Based upon my review of the time sheet and the Ex-Parte Motion For Approval of Investigator Fees In Excess of Cap **[DE # 71]**, the docket and filings in this case, I RECOMMEND that Mr. Suarez be paid $500.00 as fair and final compensation for his work

on this case. I therefore recommend that Counsel's Ex-Parte Motion For Approval of Investigator Fees In Excess of Cap **[DE # 71]** be DENIED.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this __27__ day of October, 2009.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Martin Feigenbaum, Jr., Esq.
Lucy Lara, CJA administrator